UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YOJAN RAJIO S.P.,[1]

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-07164-TLN-JDP

A# 240-569-491

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Yojan Rajio S.P.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondent filed an opposition. (ECF No. 6.) Petitioner replied. (ECF No. 7.) For the reasons set forth below, the Petition is GRANTED and Respondent is ordered to IMMEDIATELY RELEASE Petitioner.

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual Background

This matter arises out of Petitioner's challenge to his civil immigration detention without a hearing. (ECF No. 1.) The facts are not disputed here. Petitioner is a noncitizen who last entered the United States without admission on February 18, 2022 and presented himself to immigration authorities. (ECF No. 6-1 at 2; ECF No. 1 at 9.) Immigration authorities initiated removal proceedings against Petitioner and released him a few days later on an Order of Release on Recognizance. (ECF No. 1 at 35–40; ECF No. 6-1 at 2.) Thereafter, Petitioner applied for asylum, obtained employment authorization, and applied to adjust his immigration status. (ECF No. 1 at 42–57; ECF No. 6-1 at 2.) Over the last four years in the United States, Petitioner has married, established a business, paid taxes, and forged ties to his community. (ECF No. 1 at 6, 9, 59, 62–97.) Petitioner has never been convicted of a crime. (*Id.* at 6, 99; ECF No. 6-3.) He is not subject to an order of removal and his immigration applications remain pending. (ECF No. 1 at 10, 101.)

On August 9, 2026, Petitioner was detained during an interview for his immigration applications with U.S. Citizenship and Immigration Services ("USCIS"). (ECF No. 6-1 at 2.) He was not given notice or a hearing as to his detention. (ECF No. 1 at 10.) Respondent concedes Petitioner's detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a custody hearing. (ECF No. 6.) Petitioner has now been detained for two months without any such hearing.

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

The Court once again finds Fifth Amendment due process requires a hearing within a reasonable time and manner, and because the government failed to provide any hearing before Petitioner's detention or over his two months in custody, the government violated Petitioner's constitutional rights.

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest here. He has resided in the United States for over four years. Even if he is removable, or his liberty is revocable, his liberty is still protected by due process. *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693. Moreover, the government released him on an order of recognizance. "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("[A] noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody."). Thus, Petitioner has a liberty interest protected by due process. The Court next turns to the procedural safeguards that were owed to Petitioner.

B. <u>Procedures Required</u>

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondent's actions detaining him. The time that Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty."). Despite his interest in maintaining his liberty, Petitioner has now been detained for two months, separated from his family and community, and unable to work or maintain his business. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No.

1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, Petitioner is not subject to a final order of removal. Upon releasing Petitioner on his own recognizance, the government necessarily found that Petitioner was not a danger or flight risk. *See* 8 C.F.R. § 1236.1(c)(8). There is nothing in the record to disturb that finding. Instead, Petitioner has lived in the United States for the last four years, married, established ties to the community, and has never been convicted of a crime.[2] Nor does Respondent now claim that Petitioner is a danger to the community or a flight risk. Without any showing by Respondent of a legitimate interest to detain Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high.[3] *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the government's interest in detaining Petitioner without a hearing is nil, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Custody hearings are routine processes for the government. Indeed, it is the very process owed to Petitioner under 8 U.S.C. § 1226(a). Any burden associated with the provision of this process is

---

[2] Respondent claims Petitioner "has criminal history," but the evidence from both parties show that Petitioner has ever been convicted of a crime. (ECF No. 1 at 99; ECF No. 6-3.)

[3] Moreover, there is no evidence in the record that Respondent ever conducted an initial custody determination as required by 8 U.S.C. § 1226(a).

negligible and does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation. Nor does Respondent claim the government would be unduly burdened.

Under the *Mathews* factors, the Court finds the government was required to provide notice and a pre-deprivation hearing before a neutral decisionmaker. The U.S. Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129. Respondents have not provided any substantive opposition to the contrary, nor do they argue that Petitioner should be a "special case." (*See* ECF No. 6.)

The government did not provide Petitioner with a pre-deprivation hearing. Nor have they provided Petitioner with any custody hearing, or even scheduled such a hearing, in two months of detention. Petitioner has thus been deprived of an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Therefore, Petitioner is detained in violation of the Fifth Amendment.

## IV. CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Further, IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Yojan Rajio S.P. (A# 240-569-491) from custody under the terms of his previous order of release on recognizance. At the time of release, Respondent must return all of Petitioner's documents and possessions. Respondent must file a **notice of compliance** with this Order by **October 9, 2026.**

2. Respondent is ENJOINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government demonstrates by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings

outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present. Should Petitioner become subject to a final and executable order of removal, the government shall provide Petitioner a minimum of seven days' notice (counting from the date the order becomes final and executable) of any intent to execute the order and detention.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

4. The Clerk of Court is directed to serve this Order on **California City Detention Center**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: October 5, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE